## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**DONTAE LARUN CHEVIS,**
     Petitioner,

**v.**

**UNITED STATES OF AMERICA,**
     Respondent.

**Case No. 1:22-cv-8038-CLM**
**(1:19-cr-293-CLM-JHE)**

## MEMORANDUM OPINION

Dontae Larun Chevis moves to vacate, set aside, or otherwise correct his sentence under 28 U.S.C. § 2255. (Doc. 1). Chevis contends that his attorney rendered ineffective assistance of counsel by (1) not asking the court to stay or hold in abeyance his judgment of conviction pending the Supreme Court's ruling in *Borden v. United States*, 593 U.S. 420 (2021), and (2) not appealing Chevis's career offender designation. (Docs. 1, 9). For the reasons stated within, the court **WILL DENY** Chevis's motion (doc. 1) and **DISMISS** this case **WITH PREJUDICE**.

## BACKGROUND

1. *Chevis's conviction + sentencing*: Chevis pleaded guilty to one count of possession with intent to distribute heroin. (Doc. 19 in Case No. 1:19-cr-293). The United States Probation Office then prepared a presentence investigation report ("PSR") that stated that the court should designate Chevis as a career offender under United States Sentencing Guideline § 4B1.1(b). (Doc. 22, p. 21 in Case No. 1:19-cr-293). One conviction that the PSR relied on to designate Chevis as a career offender was his 2001 Alabama state court conviction for second degree assault in Calhoun County CC-2002-235. (*Id.*, pp. 13–16). Chevis's attorney, Gregory J. Reid, objected to the PSR counting Chevis's assault conviction as a crime of violence under the career offender guideline, asserting that "[t]here was no intent to use, attempted use or threatened use of force." (Doc. 21, pp. 3–5 in Case No. 1:19-cr-293).

At the sentencing hearing, the court overruled Chevis's objections to the PSR, finding that the facts Chevis pleaded guilty to with his state court conviction established that the conviction was for a crime of violence as defined in USSG § 4B1.2. (Doc. 26, pp. 5–9 in Case No. 1:19-cr-293). So the court applied the career offender enhancement and determined that Chevis's guideline imprisonment range was 151 to 188 months' imprisonment. (*Id.*, p. 12). The court entered judgment on December 30, 2020, sentencing Chevis to 120 months' imprisonment. (Doc. 23, p. 2 in Case No. 1:19-cr-293). Chevis did not file a direct appeal.

2. *2255 Proceedings*: Chevis moved to vacate, set aside, or correct his sentence on May 27, 2022. (Doc. 1, p. 15). Chevis's original motion asserted that Reid provided ineffective assistance of counsel by not (a) objecting to the Government relying on an assault conviction with a mens rea of recklessness to support the career offender enhancement, or (b) asking the court to hold sentencing in abeyance pending the Supreme Court's decision in *Borden v. United States*. (*Id.*, pp. 5–7, 12, 14). The Government responded by asserting that (a) Chevis's motion was untimely, (b) *Borden* doesn't apply to Chevis's assault conviction, and (c) Reid acted reasonably by objecting to the PSR's career offender designation. (Doc. 5).

In his reply brief, Chevis argued for the first time that Reid committed "egregious unprofessional errors when failing to file a notice of appeal after being requested to do so" because there's a reasonable probability that the Eleventh Circuit would have held that Chevis's second degree assault conviction couldn't serve as a career offender predicate offense. (Doc. 9, pp. 5–7). The court ordered both parties to show cause as to why this new ineffective assistance of counsel claim shouldn't be dismissed as time barred. (*See* Doc. 17). The Government responded by (a) contending that Chevis waived this claim by not raising it in his initial motion, and (b) arguing that Chevis's claim is time barred and not subject to equitable tolling. (Doc. 18). Chevis has not responded to the court's order to show cause, and the response deadline has passed.

## DISCUSSION

As explained, Chevis asks the court to find that Reid was ineffective for failing to request that the court hold his sentencing in abeyance pending the outcome in *Borden* and for not appealing Chevis's career offender designation after Chevis directed him to do so. The two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984) applies to both of Chevis's claims. *See Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). Under *Strickland*, to show ineffective assistance of counsel, Chevis must prove "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (quotations and citations omitted).

### A.    *Borden v. United States*

Chevis asserts that Justice Kagan's plurality opinion in *Borden v. United States*, 593 U.S. 420 (2021), establishes that his second-degree assault conviction cannot serve as a predicate offense for the career offender enhancement. In *Borden*, the Court addressed whether a statute covering reckless conduct qualifies as a violent felony under the Armed Career Criminal Act's elements clause. *See id.* at 425. The Court held that "an offense requiring the 'use of physical force against the person of another'" does not include offenses criminalizing reckless conduct. *Id.* at 429 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). And the Court reaffirmed that under the categorical approach, "[i]f any—even the least culpable—of the acts criminalized do not entail" the mental state that the elements clause requires, the statute of conviction "cannot serve as an ACCA predicate." *See id.* at 424.

As explained below, the court agrees with the Government (a) that Chevis's *Borden*-based claim is time-barred, and (b) that *Borden* doesn't apply to Chevis's second degree assault conviction.

1. *Timeliness of claim*: A 1-year limitation period that generally runs from "the date on which the judgment of conviction became final" applies to § 2255 motions. *See* 28 U.S.C. § 2255(f)(1). The court entered Chevis's judgment of conviction on December 30, 2020, and Chevis didn't file a direct

appeal. So Chevis's conviction became final on January 13, 2021. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b)(1)(A). But Chevis didn't file his § 2255 motion until May 27, 2022, which was more than a year later. (Doc. 1, p. 15). Thus, Chevis's § 2255 motion isn't timely under 28 U.S.C. § 2255(f)(1).

Recognizing this, Chevis asserts that his motion is timely under 28 U.S.C. § 2255(f)(3), which states that the 1-year limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Chevis correctly notes that *Borden* was decided on June 10, 2021, which was less than a year before Chevis filed his § 2255 motion. But Chevis has cited no Supreme Court or Eleventh Circuit case that has held that *Borden* applies retroactively on collateral review. And nothing in *Borden* suggests "that the Supreme Court intended for it to apply retroactively." *See In re Reaves*, 2022 WL 2952475, at *2 (11th Cir. July 8, 2022). In fact, at least one judge on the Eleventh Circuit has denied a certificate of appealability because "reasonable jurists would not debate" the district court's determination that *Borden* did not reset the statute of limitations for filing a § 2255 motion. *See Lubin v. United States*, 2023 WL 5675497, at *1 (11th Cir. Aug. 22, 2023) (Newsom, J., single judge order). The court agrees that *Borden* hasn't been made retroactively applicable to cases on collateral review. So the court finds that Chevis's claim that his attorney was ineffective for not asking the court to hold his sentencing in abeyance pending *Borden* is time-barred.

2. *Merits*: Even if not time barred, Chevis's claim that after *Borden* his 2001 second degree assault conviction doesn't qualify as a crime of violence fails on the merits.[1] In 2001, a person violated Ala. Code § 13A-6-21 and committed assault in the second degree if he did any of the following:

---

[1] Chevis also suggests that Reid was ineffective for not objecting to the Government's reliance on the second-degree assault charge as a predicate offense for the career offender enhancement. (Doc. 1, p. 6). As explained, Reid did object to the second-degree assault charge counting as a violent felony, but the court overruled Reid's objection. Because Reid in fact objected to the second-degree assault charge serving as a predicate offense, Chevis's argument that Reid was ineffective for not objecting lacks merit.

(1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person.

(2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument.

(3) He or she recklessly causes serious physical injury to another person by means of a deadly weapon or dangerous instrument.

(4) With intent to prevent a peace officer, as defined in Section 36-21-60, or emergency medical personnel or a firefighter from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person.

(5) With intent to cause physical injury to a teacher or to an employee of a public educational institution during or as a result of the performance of his or her duty, he or she causes physical injury to any person.

(6) For a purpose other than lawful medical or therapeutic treatment, he or she intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him or her, without his or her consent, a drug, substance or preparation cable of producing the intended harm.

1996 Ala. Laws 533 (version of Ala. Code § 13A-6-21 in effect in 2001).

The least culpable mental state criminalized by this statute is "recklessly caus[ing] serious physical injury to another person by means of a deadly weapon or dangerous instrument." So Chevis is correct that if the court applied a strict categorical approach to Chevis's 2001 second-degree assault conviction, *Borden* would likely require the court to find that the conviction couldn't count as a predicate offense for the career offender enhancement. *See Borden*, 593 U.S. at 445 ("Offenses with *mens rea* of recklessness do not qualify as violent felonies."). But the court "may apply the modified categorical approach when the statute is divisible—that is, it

defines multiple crimes—and a limited class of documents, often called *Shepard* documents, are available to determine what crime, with what elements, a defendant was convicted of." *United States v. Gandy*, 917 F.3d 1333, 1339 (11th Cir. 2019) (cleaned up). "*Shepard* documents may include the charging document, any plea agreement submitted to the court, the transcript of the plea colloquy, or any record of comparable findings of fact adopted by the defendant upon entering the plea." *Id.* (quotations omitted).

The six subsections in Ala. Code § 13A-6-21 are divisible, so the court considered the language in Chevis's indictment in deciding whether Chevis's assault conviction was for a crime of violence. (Doc. 26, pp. 5–8 in Case No. 1:19-cr-293). Here's how the state court indictment described the second-degree assault charge that Chevis pleaded guilty to:



(Doc. 1 in Calhoun County CC-2002-235). The language used in the indictment establishes that Chevis was charged with violating Ala. Code § 13A-6-21(a)(4), which requires (a) an intent to prevent a peace officer from performing a lawful duty, and (b) an intent to cause physical injury. So Chevis necessarily pleaded guilty to intending to use physical force when he committed the second-degree assault. As a result, *Borden* doesn't apply to Chevis's assault conviction. *See Borden*, 593 U.S. at 432 (The elements "clause covers purposeful and knowing acts, but excludes reckless conduct.").

Because *Borden* does not affect Chevis's classification as a career offender, Chevis has not established that Reid's failure to ask the court to hold his criminal case in abeyance prejudiced Chevis. So the court will

dismiss Chevis's ineffective assistance of counsel claim based on Reid's failure to ask the court to stay or hold in abeyance the judgment of conviction.

**B.    Failure to File Direct Appeal**

Chevis's second ineffective assistance of counsel claim is that Reid rendered ineffective assistance by not filing a direct appeal after Chevis asked him to appeal his career offender designation. (*See* Doc. 9., p. 7).

1. *Waiver*: District courts must resolve all claims for relief raised in a § 2255 motion. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009). But Chevis waived his claim that Reid provided ineffective assistance of counsel by not filing a notice of appeal because he raised this claim for the first time in his reply brief. *See Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018) ("Although *Clisby* requires a district court to resolve every claim properly presented in a § 2255 motion, it does not require the court to address a claim that a movant waives by failing to raise it until his reply brief."). Thus, the court needn't address Chevis's ineffective assistance of counsel claim based on Reid's failure to appeal.

2. *Timeliness of claim*: Even if the court could construe Chevis's reply as a request for leave to amend his § 2255 motion, the court would deny Chevis's request for leave to amend on futility grounds. "A § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovery, through the exercise of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010).

The court entered Chevis's judgment of conviction on December 30, 2020, so the deadline to appeal was January 13, 2021. But Chevis didn't raise his ineffective assistance of counsel claim based on the failure to file a requested appeal until he included it in his reply brief on March 6, 2023. (Doc. 9, p. 13). So Chevis's ineffective assistance claim is time-barred unless the limitations period didn't begin to run until March 6, 2022, or later.

Chevis has alleged no facts that would allow the court to find that despite acting diligently Chevis didn't discover that Reid had failed to file a direct appeal until March 2022, which was over a year after the deadline to

appeal had expired. Due diligence required Chevis "to make reasonable efforts to discover the facts underlying each claim." *Tucker v. United States*, 249 F. App'x 763, 764 (11th Cir. 2007). And Chevis hasn't described any efforts he made to pursue an appeal or motion to vacate. For example, Chevis doesn't say that he contacted Reid or the Eleventh Circuit to ask about the status of his appeal. Nor does Chevis's criminal docket reflect that he contacted this court to ask whether a direct appeal had been filed. Plus, Chevis has even failed to inform the court when he discovered that his attorney had not filed a notice of appeal. *See Badillo v. United States*, 2013 WL 2297172, at *3 (M.D. Ala. May 24, 2013) (considering movant's failure "to suggest when he discovered that his counsel had not filed a notice of appeal."). So the court finds that Chevis hasn't shown that he acted diligently.

Because the court has found that Chevis wasn't diligent, the court must consider when Chevis could have discovered the facts essential to his ineffective assistance of counsel claim if he had been acting diligently. *See Tucker*, 249 F. App'x at 764. Whether a notice of appeal has been filed is a matter of public record. So Reid's failure to file a notice of appeal could have been discovered any time after the 14-day deadline for filing a notice of appeal had passed. And Chevis has not alleged that his incarceration prevented him from contacting Reid, this court, or the Eleventh Circuit about the status of his criminal case. So the court finds that Chevis could have discovered the lack of an appeal within three months of the criminal judgment if he had exercised due diligence. *See Russaw v. United States*, 2018 WL 2337301, at *4 (N.D. Ala. May 23, 2018) (finding that movant could have discovered lack of appeal within 3 months and noting that other courts within this circuit have found that a diligent defendant could have discovered the failure to pursue an appeal within 62 or 80 days of the appeal deadline). That means that, at the latest, Chevis could have discovered counsel's failure to file a notice of appeal by April 13, 2021. Thus, Chevis waited too late by not bringing his ineffective assistance claim related to Reid's failure to appeal until March 6, 2023. And even if this claim somehow related back to Chevis's initial May 27, 2022, § 2255 motion, it would still be untimely.

Nor is the untimeliness of Chevis's claim saved by equitable tolling. Equitable tolling of a statute of limitations "is an extraordinary remedy and is applied sparingly." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). So to be entitled to equitable tolling Chevis must establish "(1) extraordinary circumstances and (2) due diligence." *See id.* Chevis has established neither. As explained, Chevis has alleged no facts that would allow the court to find that he acted diligently to discover whether Reid had filed a notice of appeal. Nor has Chevis alleged that extraordinary circumstances prevented him from discovering whether an appeal had been filed. So the court finds that Chevis isn't entitled to equitable tolling.

In sum, Chevis's ineffective assistance of counsel claim related to counsel's failure to appeal was filed out of time and isn't subject to equitable tolling. So to the extent that Chevis hasn't waived this claim by not bringing it in his initial § 2255 motion, the court will dismiss the claim as time-barred.

### C.   Evidentiary Hearing

A § 2255 petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Chevis alleges no facts that would establish that his attorney's failure to request that the court stay or hold in abeyance his sentence pending *Borden* prejudice him. Nor has Chevis alleged any facts that show that his ineffective assistance of counsel claim based on the failure to appeal is timely or subject to equitable tolling. So Chevis isn't entitled to an evidentiary hearing, and the court will dismiss his claims without holding a hearing.

### CONCLUSION

For these reasons, the court will **DENY** Chevis's motion to vacate, set aside, or correct his sentence (doc. 1) and **DISMISS** this case **WITH PREJUDICE.**

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Chevis's claims fail to satisfy either standard. So the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out this ruling and closes this case.

**Done** on October 10, 2024.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE